| Court file: | Document# 001 | Filed: 08/21/2020 (submission) | Page **1** of **11** |
|---|---|---|---|

**UNITED STATES**          **DISTRICT COURT**
**SOUTHERN DISTRICT**          **NEW YORK**

Charlene Y. Latham, plaintiff 1
David G. Latham, plaintiff 2
Tracey Y. Latham, plaintiff 3
John Doe (1-10)
Jane Doe (1- 5)

Case No.:
Case type: civil
Judge:

V.

1. The 1953 Trust, Defendant
2. Harvey Weinstein, defendant
3. Shawn Carter, defendant
4. Darren Indyke, defendant
5. Richard Kahn, defendant
6. The Weinstein Corporation, defendant
7. Miramax, llc. (aka Miramax Films), defendant
8. The Walt Disney Company, defendant
9. Def Jam Recordings, defendant
10. Rocnation, llc., defendant
11. Universal Music Group, defendant
12. Beyoncé G Knowles, defendant
13. Kanye O. West, defendant
14. Terrence Thornton, defendant
15. Black Cube ltd., defendant
16. Vivendi SA, defendant
17. Dwayne Carter, defendant
18. Jean Luc Brunel, defendant
19. Young Money Entertainment, defendant
20. G.O.O.D. Music, defendant
21. Shelley Massenburg-Smith, defendant
22. David Boies, defendant,
23. Robert Kelly, defendant
24. Milton Brown, defendant
25. Marcello Claure, defendant
26. Sprint Corporation, defendant
27. ViacomCBS, defendant
28. Virgil Abloh, defendant
29. Quatar Investment Authority, defendant
30. Tutor-Saliba Corporation, defendant
31. Ghislaine Maxwell, defendant
32. Parkwood Entertainment, defendant
33. The City of New Yok; New York City Police Department, defendant
34. Sir Philip Green, defendant
35. Sony Entertainment, defendant
36. John Does (1 – 100), defendant(s)
37. Jane Does (1- 100), defendant(s)
38. Corporation Does (1 – 100), defendant(s)

**PLAINTIFF'S STATEMENT OF THE CASE**

RECEIVED SDNY PRO SE OFFICE 2020 AUG 31 AM 10: 05

## **PLAINTIFF'S STATEMENT OF THE CASE**

1. Plaintiff #1 enters this statement as formal statement of the case against all Defendants as captioned in page one of this statement.

2. The "Doe" Defendants, including corporations and their executive or involved personnel, are fully included in this action; The "Doe" Defendants represent employees, partners, collaborators, vendors, third parties, heirs, & related entities whose identities & specific criminal roles have been intentionally concealed or withheld by the Defendants to prevent their being brought to justice by being named in this (and other) civil complaints while intentionally being made unavailable to the Plaintiff(s) of this action to avoid redress.

3. Corporate Defendants named or identified as "Does" are accused of aiding and abetting in the facilitation of the unlawful surveillance (spying), stalking and repeated drugging, abducting, hostage taking and kidnapping for the criminal intent of sexual assault, abuse, extortion and exploitation in the same capacity as any Person named as Defendant & in their capacity as Corporations providing support to the criminal enterprise of the Defendants 1-3 as corporate purveyors, facilitators/conspirators and including by providing money laundering services to route payments to the parties of this large scale criminal enterprise of criminal activity targeting the Plaintiffs.

4. Some "Doe" Defendants' identities are not revealed at the time of filing this Statement to protect or preserve any criminal investigations occurring that may be jeopardized or undermined if the Plaintiff(s) reveal certain "Doe" Defendants identities at this stage of the proceedings.

5. Over the course of decades, the Defendants established a lucrative but sociopathic, criminal enterprise where the Defendants engaged in decades of human trafficking, sexual assaults and various abuses including financial & economic exploitation, drugging for abduction, taking Plaintiff(s) #1 and Plaintiffs John & Jane Doe (1-10) hostage, *et al.*

6. The Defendants engaged in this criminal and sociopathic conduct as a form of specific criminal intentions designed as sexual harassment, extortion, physical torture, psychological torment and revenge targeting Plaintiff #3 for her refusal to sell her child (Plaintiff #1) or children (John Doe & Jane Doe Plaintiffs) to the Defendants 1-3.

7. When Plaintiff #3 refused to sell or allow the Defendants, in any capacity, to sexually abuse or financially exploit Plaintiff #1 or any of her other children and grandchildren (represented as John & Jane Doe Plaintiffs 1-10) at any time, the Defendants began targeting the family for economic abuses and financial exploitation that not only consisted of drugging the children of Plaintiffs 2&3 for sex trafficking, hostage taking and related abuse but also began exploiting the Plaintiffs for thefts of trade secrets, intellectual property and tortious interference in the Plaintiffs' career and economic opportunities.

8. This extensive scheme of the Defendants was initiated by Jeffrey Epstein, the decedent represented throughout this action by his estate The 1953 Trust, as revenge against Plaintiff #3.

9. Plaintiff #3 agreed to out of court multi-million dollar monetary settlement in the late 1980s/early 1990s to avoid a public criminal and civil prosecution for Epstein's sexual abuse of several of the Plaintiffs 2 & 3's children; Plaintiffs 2 & 3 share 6 children together (3 sons, 3 daughters & approximately 14 grandchildren).

10. After misappropriating Leslie Wexner's money to pay the settlement, Jeffrey Epstein devised a scheme of revenge and recovery of the money by targeting the Plaintiffs for drugging and trafficking the children for continued abuse at his various orgies around the world where he was paid large sums by "elite" attendees of the salacious events and then used the money from abusing the Plaintiffs to repay his debt to Wexner.

11. The decades of abuse and sexual assaults were equally to the benefit, entertainment and economic enrichment of the Corporations as well as facilitated, in whatever capacities, by the Corporations/their managers and personnel as by any Person named as defendant.

12. This action is in the US Southern District Court of New York because it is where the Defendants' conspiracies to traffick and exploit for criminal sexual intent targeting Plaintiff #1 occurred when she was a minor child belonging to and in the custody of Plaintiffs 2 & 3.

13. Over the course of thirty years, since at least 1988 or 1989 the Defendants did conspire to unlawfully surveil, drug and abduct for sexual assault, sex trafficking, and other exploitative abuse Plaintiff #1 around the world; specifically throughout the Southern District of New York.

14. This action is entered into the US Southern District Court of New York as it is one jurisdiction in which the Defendants abducted Plaintiff #1 to at approximately age 13 to sexually assault & exploit sexually for financial gain.

15. The Defendants Harvey Weinstein, Shawn Carter, Jeffrey Epstein (represented in this action as defendant #1 The 1953 Trust) conspired together and with the other Defendants to illegally transact a *"purchase agreement"* giving them *"ownership"* of Plaintiff #1 while she was a minor child residing in the state of Illinois at approximately aged 5 or 6 years old in the custody of her Parents, Plaintiffs 2 & 3 with the intent of committing criminal sex acts against the Plaintiff as a child and throughout the course of her entire adult life.

16. The Defendants 1, 2, & 3 at no time communicated with nor received permission from Plaintiffs 2 & 3 (the biological and custodial parents of Plaintiff #1) to purchase Plaintiff #1 or otherwise take possession of her at any time as a minor child.

17. Over the course of at least thirty years and longer the Defendants conspired to surveil or stalk Plaintiff 1 & 3 in order to track the female Plaintiffs with the intent to commit various sex acts, *et al*, against them.

18. The Defendants 1,2, & 3 conspired with the various parties & corporations named as defendants to stalk the Plaintiffs in order to drug, abduct and traffick the Plaintiff #1 to various "events" known as "Sex parties" hosted by the now decedent, Jeffrey Epstein, (represented as Defendant #1) around the world for abuse by "elite"/high profile/wealthy purveyors held at all of Defendant #1's properties, including in the United States & Virgin Islands with the intention of committing crimes against the Plaintiffs.

19. At age 13, specifically, the Plaintiff #1 was stalked in the State of Missouri, drugged & trafficked to be sexually abused at an "event" at 9 East 71st Street Manhattan NY 10021 by the conspiring Defendants.

20. At this piece of property owned by Defendant #1, Plaintiff #1 was sexually assaulted by various parties in attendance, specifically Harvey Weinstein and Shawn Carter.

21. The Defendants #2 & 3 willfully & forcibly raped Plaintiff #1 and committed lewd and sexual acts against and upon her without consent of any Plaintiffs at this "event" held at the Manhattan property.

22. The Plaintiffs were repeatedly stalked, placed under unlawful surveillance, drugged, abducted and trafficked for sexual assault, abuse and exploitation at regular interval over the course of the more than 20 years after the attack at the Manhattan townhouse owned by Defendant #1.

23. Jeffrey Epstein (represented as Defendant #1) conspired with Harvey Weinstein and Shawn Carter to initiate a system of stalking, surveillance, drugging, abducting and trying to physical control, abuse or financially exploit and extort the Plaintiff #1.

24. This conspiracy was in revenge/retaliation for settling a multi-million dollar lawsuit out of court with Plaintiff #3's mother for Epstein's crime of sexually abusing Plaintiff #1 and several of her siblings aboard the "Lolita Express" private jet with the currently deregistered tail number of N908JE and on "Pedophile Island" the privately owned Little St. James Island in the late 1980s to early 1990s after being entrusted with the unsupervised care of the children.

25. The Defendants conspiracy to operate this criminal enterprise targeting the Plaintiffs spanned the entire nation of the United States; anywhere the Plaintiffs traveled or resided.

26. The Defendants' system of stalking, drugging and trafficking involved a complex, sophisticated criminal network established among and in tandem with all of the Defendants to traffick Plaintiff #1 for their abuse, exploitation, entertainment and criminal intentions of racketeering, extortion and sex crimes.

27. This complex network of the criminal enterprise targeting the Plaintiff involved the Defendants compensating the co-conspirator Defendants for their crimes of stalking, drugging, abducting and assaulting the Plaintiff #1 at the behest of Defendants 1 – 3 through use of various business transactions including but not limited to offering and or facilitating employment contracts, lucrative partnership contracts such as record deals, fashion industry ventures and other assorted goods and services; such as company perks like luxury cars, housing/real estate gifts and large sums of cash disguised as "record advances" and other "legitimate business deals" for decades.

28. The Defendants engaged in intentional tortious interference, kidnapping and holding the offspring of Plaintiff #3 ( specifically Plaintiff #1) hostage by routinely "hiring" Defendants to stalk and illegally surveil the Plaintiffs and interact with the Plaintiff #1 under the disguise of "befriending" her or having "romantic" or "business" interest in any of the Plaintiffs so that they could use the false relationship to facilitate exploitation, hostage taking and abuse targeting the aforementioned Plaintiffs.

29. This deception to commit tortious interference was done regularly to allow the Defendants ease of accessing the Plaintiffs' private life and spaces when Plaintiff #3 began *violently* demanding the Defendants 1-3 (Defendant 1 is representative of the Deceased, Jeffrey Epstein) immediately cease and desist their extensive harassment, stalking and kidnapping campaigns against her and her family.

30. Plaintiff #3 was made aware of the Defendants activities by numerous witnesses who <u>refused</u> to participate in the criminal operations after being solicited for hire to partake in the criminal operations and receive very lucrative compensation packages including large sums of cash and high-profile entertainment contracts such as high visibility marketing and promotions opportunities.

31. When informed of the conspiracy targeting her and her minor children, the Plaintiff #3 did take numerous and repeated action to demand the Defendants cease and desist all illegal or abusive conduct.

32. The Defendants 1- 3, however, engaged in establishing a thorough network of criminal operatives to facilitate their enterprise of spying, stalking, unlawful surveillance, breaking and entering, tortious interference, numerous sexual assaults, sexual battery, financial exploitation, physical abuse, emotional harm, psychological torture, sexual harassment, lewd conduct, kidnapping, human trafficking and extreme abuses for decades specifically targeting Plaintiffs 1 & 3 and their offspring rather than cease and desist their criminal enterprise.

33. This criminal enterprise orchestrated by the Defendants escalated beyond the sexual assaults, abuse, harassment and emotional harm into intense and extensive financial exploitation of the Plaintiffs 1 – 3 and their offspring/ Jane & John Doe Plaintiffs.

34. The Defendants repeated abduction and hostage taking of the children of Plaintiffs 2 & 3 caused them emotional harm and caused financial damages in the course of regaining possession of the children.

35. Lucrative career contracts in Professional sports, entertainment and other industries were forfeited in exchange for or consequence of redressing the crimes targeting Plaintiff #2 & #3's shared 6 (six) biological children; including but not limited to Plaintiff #1.

36. When the Plaintiffs could not be used for sex trafficking exploitation, the Defendants exploited the Plaintiffs' economic prowess and unique abilities to pick stocks, predict business/market trends, create very lucrative trade secrets, create lucrative intellectual property and develop very profitable business concepts and consumer products in a diverse array of industries.

37. The Defendants orchestrated a criminal enterprise valued at billions of dollars by the trafficking and economic exploitation of the Plaintiffs for which the trade secret thefts and related business/intellectual property crimes played a significant role in the profitability of the criminal enterprise and such crimes are being addressed in separate actions in the appropriate jurisdiction(s).

38. The Defendants began stalking and surveilling the Plaintiff #1 as a child to misappropriate trade secrets, intellectual property and other business and creative works of the Plaintiffs over the course of at least 3 decades with no intention of stopping despite repeatedly being demanded to by the Plaintiffs 1 & 3.

39. This financial exploitation became very lucrative for the Defendants where hundreds of millions to billions of dollars have been collected/earned worldwide by the Defendants through their decades of exploiting the Plaintiff's creative and intellectual abilities while under the intense or constant surveillance of the Defendants who used audio, visual, and conspiring to befriend/date the Plaintiffs 1 & 3 strictly to collect the private information or trade secrets and intellectual property in the furtherance of this criminal enterprise expanding beyond the described sex crimes.

40. The Plaintiff #1 is seeking civil redress in a separate complaint and jurisdiction for the extensive trade secret infringement, economic espionage, economic terrorism, and assorted extreme financial exploitation and abuses committed by the Defendants against the Plaintiffs.

41. Plaintiffs have only mentioned the Defendants worldwide abuse and unlawful use of trade secret, intellectual property infringements, abuse of Plaintiffs 1 & 3's likeness in the development and worldwide marketing of numerous high profile singers, rappers, entertainers and entertainment projects including but not limited to musical albums, music videos, television shows, *et al*, in this action to provide *scope* of the abuse endured when the Defendants were unable to drug, abduct/kidnap the Plaintiff #1 for repeated drugged sexual assaults or hold hostage for ransom by the Defendants and their criminal enterprise.

42. This action captioned in the header, filed in the US Southern District of NY is specifically redressing the decades of sex crimes targeting the Plaintiffs and their offspring.

43. When the Plaintiffs were able to prevent the drugged, abductions for sexual assaults against the Plaintiff as a minor child and well into her adulthood, the Defendants 1- 3 responded by engaging in extreme forms of harassment that they conspired with the other Defendants to initiate or facilitate.

44. This harassment includes, but is not limited, to sexual assaults, feticide, sexual harassment, verbal abuse, psychological torture/harassment such as "*gaslighting*" and paying Defendants to collect sexual data or other sexually explicit content featuring the Plaintiffs 1 & 3 by engaging in sex acts that would be classified as sexual battery in various jurisdictions on hidden cameras.

45. The harassment includes creating pedophilia where the Plaintiff #1 (and other Doe Plaintiffs) were recorded in various states of undress as minors, in private spaces and when drugged & trafficked aboard the private jet owned by Defendant #1, as well as other spaces, for sexual assault where Plaintiff #1 (& other Doe Plaintiffs) were being presented as "child prostitute(s)" to the "clients" of the Defendants.

46. Plaintiff #1 submits this Statement of the Case to obtain justice to disrupt the Defendants ongoing actions to obstruct such justice while retaining and or generating profits collected from the abuse of the Plaintiffs as outlined above and throughout the detailed formal complaint pending submission into the case record by deceiving all parties.

47. Defendants attempt at hiding all involvement in the Defendants' sophisticated scheme of operating a criminal enterprise of human trafficking and trade secret theft has been ongoing for more than thirty years and the ongoing criminal conduct indicates the Defendants spirited refusal to stop the conduct and their interest in continuing to enjoy the lavish profits from the criminal enterprise that they report to the public and government as legitimate income, business operations and or financial/economic gains.

48. Plaintiff reserves the right to transfer the action or complaint to alternate jurisdictions, as necessary in the interest of justice, and amend the action to include the full/correct names and identities of any

additional Plaintiffs (including children, grandchildren, assorted relatives, and associates of the Plaintiffs), to add the Defendants whose names/ identities have been withheld or made unavailable at the time of this action and listed as "Doe Defendants" at the time of filing this statement.

### *Prayer for Relief*

49. For these reasons as outlined in paragraphs 1 - 48 the Plaintiffs are demanding pecuniary damages in the amount of $500, 000, 000 (five hundred million dollars) in punitive or general damages in this action submitted in the US District Court of the Southern District of New York.

50. Plaintiffs demand court ordered permanent cease and desist restraining orders be issued against all of the Defendants to end any and all of the Defendants' decades long and continuing criminal conduct as outlined in this action where the Defendants have made a sociopathic, decades long scheme of human trafficking, criminal sexual assault, financial exploitation, psychological torture, harassment, sexual harassment into a criminal enterprise targeting the Plaintiffs 1 & 2 by alleging the Defendants 1-3 have a created a purchase agreement for and are maintaining ownership of Plaintiff #1 and Plaintiff 2&3's other offspring (some of whom are still minors).

51. Plaintiffs demand court ordered, permanent cease and desist with restraining order issued against the Defendants be extended to include all members of the Plaintiffs' families; including children, grandchildren, extended family (cousins, aunts, uncles, grandparents, etc.), and the Plaintiff' businesses, business partners/clients, friends and romantic partners such as spouses or unmarried lovers anywhere in the world due to the Defendants having shown a very specific interest and propensity for targeting with criminal intentions ,including but not limited to, of harassment, spying, stalking, tortious interference, financial exploitation and criminal sexual intents the People and Businesses closely associated with the Plaintiffs.

52. Plaintiffs demand any and all fair & equitable relief as available to award by the court to redress the damages the Plaintiffs' sustained through the decades of trauma from the exploitation, sex crimes, child abuse, sexual assaults resulting in feticide, sexual harassment, financial abuse/economic damages,

discrimination, child sex/human trafficking for profit, numerous & repeated drugged sexual assaults, sexual battery, tortious interference in relationships (both business and personal), unlawful surveillance (spying), gross invasion of privacy, cross-country stalking of a minor, cross-country stalking of adults, psychological torture, repeated kidnappings/abductions, hostage taking and emotional harm, *et al*, outlined in this civil action. The Plaintiffs sustained these damages that were caused intentionally or consequentially from the numerous crimes & unlawful acts willfully committed against them by the Defendants in the Defendants' reckless & wanton disregard for the law in perpetrating a lucrative criminal operation targeting the Plaintiffs. Despite the Plaintiffs numerous and repeated demands for the Defendants to cease & desist their extreme and egregious criminal misconduct since at least 1988 the Defendants extreme conduct has continued, in various forms, throughout the year 2020 with little to no intention of the Defendants willingness to stop their criminal conduct without lawsuit or their arrests on criminal charges to totally disrupt or disband the global criminal enterprise they've erected over three decades.

**I declare under the penalty of perjury that above statements contained in this filing in the United States District Court in the Southern District of New York are true and understand the penalty of any false statement. Signed in the County of Dallas, State of Texas, August 20,2020 3:10pm**

Submitted respectfully,

Charlene Y. Latham
Charlene272@hotmail.com
1+469.751.5068
4900 Airport Parkway
Addison TX 75001

**August 20, 2020**

**Attn: USDNY COURT**

Pro Se Intake Unit (Room 200)
500 Pearl St
NY NY 10007

RE: Latham(s) v. 1953 Trust, Harvey Weinstein, Shawn Carter & other defendants;

    Court Action: Plaintiff Statement of the Case

Dear Court:

    Please allow this correspondence to explain that I, *Charlene Latham,* one of the Plaintiffs, submitted the enclosed document "Plaintiff Statement of The Case" to initiate the action and obtain a case number. The pending formal complaint will be submitted separately.

    Additionally, I formally request permission to use the Electronic Case Filing system. I have experience in using the ECF system for other jurisdictions and did begin completing the required training course to use the New York ECF system. I have technical experience and legal experience to be permitted use and consent to receiving all case communication electronically via the email provided below.

    It is requested that all communication be sent electronically as the USPS mail delivery system has been extremely disrupted and almost inoperable in use for me to receive mail in traditional formats for the past 2 ½ years. The USPS failure to deliver or process mail for more than 2 years is a separate, but ongoing, issue that would also make it necessary to use the ECF system.

Thank you for your attention.

Signed respectfully,

*(signature)*

Charlene Y. Latham

P: (469) 751-5068
E. Charlene272@hotmail.com

Filed in US District Court of Southern District of New York
08/20/2020

**P** $7.75
Origin: 75038
08/26/20
4843630038-18

**PRIORITY MAIL 2-DAY®**

0 Lb 3.70 Oz
1006

EXPECTED DELIVERY DAY: 08/29/20

C014

SHIP TO:
500 PEARL ST
New York NY 10007-1316

**USPS TRACKING® NUMBER**



9505 5103 4405 0239 3544 03

- Order supplies online.*
- When used internationally, a customs declaration label may be required.

*Domestic only

PS00001000014
EP14F Oct 2018
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

FROM:

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

2020 AUG 31 AM 10:04

TO:

United States District Court
Southern District
ATTN: Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

* Domestic only.   × For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.