UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLENE Y. LATHAM; DAVID G. LATHAM;
TRACEY Y. LATHAM; JOHN DOE (1-10);
JANE DOE (1-5),

                        Plaintiffs,

                    -against-

THE 1953 TRUST, *et al.*,

                        Defendants.

20-CV-7102 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff Charlene Y. Latham, a Texas resident, filed this *pro se* complaint alleging that the defendants conspired to violate her rights. Although the complaint lists other individuals as plaintiffs, only Latham signed the complaint or submitted a request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court grants Latham leave to proceed IFP in this matter, but dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Charlene Y. Latham filed this complaint on her own behalf ("Plaintiff #1") and on behalf of her parents, David G. Latham and Tracey Y. Latham ("Plaintiffs #2 and #3," respectively), and their "other children and grandchildren" ("Plaintiffs John Doe 1-10" and "Plaintiffs Jane Doe 1-5.") (ECF 2 ¶ 7.) The 35 named defendants include the City of New York; individuals such as Harvey Weinstein, Shawn Carter, Beyoncé Knowles, Kanye West, Robert Kelly, Ghislaine Maxwell, and David Boies; and entities such as Miramax, the Walt Disney Company, Def Jam Recordings, Universal Music Group, Sprint, Viacom, Sony, and "the 1953 Trust," which is the estate of Jeffrey Epstein. Plaintiff alleges that Epstein "initiated" the events giving rise to this complaint.

Plaintiff accuses the named defendants, and hundreds of unidentified defendants, of "establish[ing] a lucrative, but sociopathic, criminal enterprise," and "engag[ing] in decades of human trafficking, sexual assaults, and various abuses including financial and economic exploitation, drugging for abduction, and taking Plaintiff(s) #1 and Plaintiffs John and Jane Doe (1 – 10) hostage." (*Id.* ¶ 5.) She also alleges that the defendants engaged in "sexual harassment,

extortion, physical torture, and revenge targeting" her mother "for her refusal to sell her" children to them. She further alleges that the defendants "drugg[ed] the children" for "sex trafficking, hostage taking, and related abuse but also began exploiting the Plaintiffs for thefts of trade secrets, intellectual property and tortious interference in the Plaintiff's career and economic opportunities." (*Id.* ¶ 7.)

The complaint continues:

> Plaintiff #3 [Plaintiff's mother] agreed to an out of court multi-million dollar monetary settlement in the late 1980s/early 1990s to avoid a public criminal and civil prosecution for Epstein's sexual abuse of several of the Plaintiffs 2 & 3s children; Plaintiffs 2 & 3 share 6 children together (3 sons, 3 daughters, and approximately 14 grandchildren.
>
> After misappropriating Leslie Wexner's money to pay the settlement, Jeffrey Epstein devised a scheme of revenge and recovery of the money by targeting the Plaintiffs for drugging and trafficking the children for continued abuse at his various orgies around the world where he was paid large sums of money by "elite" attendees of the salacious events and then used the money from abusing the Plaintiffs to repay his debt to Wexner.
>
> The decades of abuse and sexual assaults were equally to the benefit, entertainment and economic enrichment of the Corporations as well as facilitated, in whatever capacities, by the Corporations/their managers and personnel as by any Person named as defendant.

(*Id.* ¶¶ 9-11.)

Plaintiff seeks $500 million in damages and an order restraining the defendants from engaging in the described conduct. (*Id.* ¶¶ 49-51.)

## DISCUSSION

**A.     Charlene Y. Latham**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant her f leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Plaintiff's claims on behalf of others**

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Generally, a person who is not an attorney may not represent anyone other than him or herself in federal court. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Even if the complaint set forth meritorious claims, Plaintiff does not appear to be an attorney, and thus she cannot assert claims on behalf of others in this Court.[1]

---

[1] To proceed with a civil action, a litigant must either pay $400.00 in fees or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914. Also, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Because Plaintiff's family members did not sign the complaint or submit IFP applications, it is not clear that they intended to participate in this lawsuit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff Charlene Y. Latham and note service on the docket.

The complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated: September 18, 2020
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.